Judge Pechman

**10-CR-00124-PLAGR**

FILED _____ E\.
LODGED _____ REC..

**JUN 1 0 2010**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR10-124MJP |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| SINISA GAVRIC, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Lisca Borichewski, Assistant United States Attorney for said District, Defendant SINISA GAVRIC, and his attorney, Jennifer Horwitz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1.     The Charge.**  Defendant, having been advised of his right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 1 of the Indictment, Conspiracy to Distribute Marijuana in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D). The Indictment alleges a violation of 841(b)(1)(C), an offense involving at least 50 kilograms of marijuana, but the defendant is entering a guilty plea to the lesser included offense of 841(b)(1)(D), an offense involving less than 50 kilograms of marijuana. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document, including any objection based upon the statute of limitations. Defendant further understands that

Plea Agreement – 1
GAVRIC/CR10-124MJP

1  before entering his plea of guilty, Defendant will be placed under oath. Any statement given by

2  Defendant under oath may be used by the United States in a prosecution for perjury or false

3  statement.

4      **2.**     **Elements of the Offense.** The elements of the offense of Conspiracy to Distribute

5  Marijuana, as charged in Count 1, are as follows:

6          First, there was an agreement between two or more people to distribute marijuana; and,

7          Second, Defendant entered into the conspiracy knowing of its object, the distribution of

8  marijuana, and intending to help accomplish it.

9      **3.**     **The Penalties.** Defendant understands that the statutory penalties for the offense

10  are a maximum term of five (5) years in prison, a fine of up to two hundred and fifty thousand

11  dollars ($250,000.00), a period of supervision following release from prison at least two (2) years

12  and not more than three (3) years, and a $100 special assessment. If Defendant receives a

13  sentence of probation, the probationary period could be up to five (5) years. Defendant agrees

14  that the special assessment shall be paid at or before the time of sentencing.

15          Defendant understands that in addition to any term of imprisonment and/or fine that is

16  imposed, the Court may order Defendant to pay restitution to any victim of the offense, as

17  required by law.

18          Defendant agrees that any monetary penalty the Court imposes, including the special

19  assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit

20  a completed Financial Statement of Debtor form as requested by the United States Attorney's

21  Office.

22          Defendant understands that supervised release is a period of time following imprisonment

23  during which he will be subject to certain restrictions and requirements. Defendant further

24  understands that if supervised release is imposed and he violates one or more of its conditions, he

25  could be returned to prison for all or part of the term of supervised release that was originally

26  imposed. This could result in Defendant serving a total term of imprisonment greater than the

27  statutory maximum stated above.

28

Plea Agreement – 2
GAVRIC/CR10-124MJP

1          Defendant understands that by pleading guilty to a felony drug offense, he will become

2    ineligible for certain food stamp and social security benefits under Title 21, United States Code,

3    Section 862a.

4          **4.     Rights Waived by Pleading Guilty.**   Defendant understands that, by pleading

5    guilty, he knowingly and voluntarily waives the following rights:

6          a.      The right to plead not guilty, and to persist in a plea of not guilty;

7          b.      The right to a speedy and public trial before a jury of Defendant's peers;

8          c.      The right to the effective assistance of counsel at trial, including, if Defendant

9    could not afford an attorney, the right to have the Court appoint one for Defendant;

10         d.      The right to be presumed innocent until guilt has been established at trial, beyond a

11   reasonable doubt;

12         e.      The right to confront and cross-examine witnesses against Defendant at trial;

13         f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

14         g.      The right to testify or to remain silent at trial, at which trial such silence could not

15   be used against Defendant; and

16         h.      The right to appeal a finding of guilt or any pretrial rulings.

17         **5.     United States Sentencing Guidelines.**   Defendant understands and

18   acknowledges that, at sentencing, the Court must consider the sentencing range calculated under

19   the United States Sentencing Guidelines, together with the other factors set forth in Title 18,

20   United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense;

21   (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

22   seriousness of the offense, to promote respect for the law, and to provide just punishment for the

23   offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the

24   need for the sentence to protect the public from further crimes of the defendant; (6) the need to

25   provide the defendant with educational and vocational training, medical care, or other correctional

26   treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to

27   provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

28

1  defendants involved in similar conduct who have similar records.  Accordingly, Defendant

2  understands and acknowledges that:

3       a.  The Court will determine Defendant's applicable Sentencing Guidelines range at

4  the time of sentencing.

5       b.  After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C.

6  3553(a), the Court may impose any sentence authorized by law, up to the maximum term

7  authorized by law.

8       c.  The Court is not bound by any recommendation regarding the sentence to be

9  imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the

10 parties, or by the United States Probation Department.

11      d.  Defendant may not withdraw a guilty plea solely because of the sentence imposed

12 by the Court.

13      **6.**  **Ultimate Sentence.**  Defendant acknowledges that no one has promised or

14 guaranteed what sentence the Court will impose.

15      **7.**  **Immigration Consequences.** Defendant understands that, as a non-citizen of the

16 United States, entering a guilty plea may have consequences regarding  immigration status.

17 Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject

18 Defendant to automatic deportation and removal from the United States. *See* 8 U.S.C.

19 § 1227(a)(2). Defendant affirms that he has been advised of the potential immigration

20 consequences that may result from the entry of the guilty plea contemplated by this agreement and

21 is prepared to proceed with his guilty plea regardless of any immigration consequences that may

22 result from this guilty plea, even if such consequences include automatic deportation and removal

23 from the United States.

24      **8.**  **Statement of Facts.** The parties agree on the following facts in support of

25 Defendant's guilty plea and sentencing.  Defendant admits he is guilty of the charged offense.

26      a.  On April 26, 2010, ICE agents were conducting surveillance in the area of

27 Mt. Baker and the Snoqualmie National Forest, near Glacier, Washington, where agents observed

28 snowshoe tracks that crossed the international border.  This is an area known to federal agents as

Plea Agreement – 4
GAVRIC/CR10-124MJP

1  a route used by individuals smuggling contraband and illegal aliens between Canada and the

2  United States.

3          b.      While investigating the area of the snowshoe tracks, ICE agents and Border

4  Patrol agents found four sets of snowshoes, and four backpacks containing a total of 49.28

5  kilograms of marijuana.  Agents also found defendant SINISA GAVRIC hiding in the woods.

6          c.      Agents advised GAVRIC of his *Miranda* warnings, and GAVRIC waived

7  his rights and agreed to answer questions.  GAVRIC told agents that he and three other

8  individuals hiked across the international border between Canada and the United States, each

9  carrying a backpack containing marijuana.  GAVRIC said that he thought he would be paid about

10  $10,000 for his efforts.

11     **9.     Sentencing Factors.**

12          The parties agree and stipulate that the following Sentencing Guidelines provisions apply

13  to this case:

14          a.      A base offense level of 20 pursuant to USSG § 2D1.1(c)(10) for the offense

15  involving at least 40 kilograms, but less than 60 kilograms of marijuana.

16          The parties agree they are free to argue the application of any other provisions of the

17  United States Sentencing Guidelines.  Defendant understands, however, that at the time of

18  sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply

19  additional downward or upward adjustments in determining Defendant's Sentencing Guidelines

20  range.

21     **10.     Acceptance of Responsibility.**  The United States acknowledges that if

22  Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

23  § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be

24  decreased by three (3) levels; pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has

25  assisted the United States by timely notifying the authorities of his intention to plead guilty,

26  thereby permitting the United States to avoid preparing for trial and permitting the Court to

27  allocate its resources efficiently.

28

Plea Agreement – 5
GAVRIC/CR10-124MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1      **11.**   **Safety Valve.**  Based on the evidence known to the United States at the time of

2 this Plea Agreement, the United States agrees Defendant is eligible for a sentencing adjustment

3 pursuant to the safety valve provisions of Title 18, United States Code, Section 3553(f)(1)-(5).

4 Those provisions require: (1) Defendant does not have more than 1 criminal history point; (2)

5 Defendant did not use violence or threats of violence or possess a firearm or other dangerous

6 weapon in connection with the offense; (3) the offense to which Defendant is pleading guilty did

7 not result in death or serious bodily injury; (4) Defendant was not an organizer, leader, manager

8 or supervisor in the offense as determined by the Sentencing Guidelines, nor was Defendant

9 engaged in a continuing criminal enterprise: and (5) not later than the time of sentencing,

10 Defendant has truthfully provided to the government all information and evidence Defendant has

11 concerning the offense to which Defendant is pleading guilty or concerning offenses that were

12 part of that common scheme or plan.

13      If at the time of sentencing, the United States continues to be satisfied Defendant has met

14 each of these five requirements, the United States will recommend a safety valve adjustment to

15 Defendant's sentencing range pursuant to Title 18, United States Code, Section 3553(f).

16 Defendant understands, however, that the Court will ultimately decide whether Defendant

17 qualifies for any sentencing adjustment, that comports with the safety valve provisions.

18      **12.**   **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement, the

19 United States Attorney's Office for the Western District of Washington agrees to dismiss Counts

20 2 and 3 of the Indictment, and not prosecute Defendant for any additional offenses known to it as

21 of the time of this Agreement that are based upon evidence in its possession at this time, or that

22 arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that

23 the United States has agreed not to prosecute all of the criminal charges that the evidence

24 establishes were committed by Defendant solely because of the promises made by Defendant in

25 this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the

26 Presentence Report, the United States Attorney's Office will provide the United States Probation

27 Office with evidence of all relevant conduct committed by Defendant.

28

1       Defendant agrees and acknowledges that any charges to be dismissed before or at the time

2   of sentencing were substantially justified in light of the evidence available to the United States,

3   were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for

4   any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

5       **13.**    **Forfeiture of Contraband.**  Defendant agrees that any illegal contraband and

6   cellular telephones seized by any law enforcement agency from the possession of Defendant shall

7   be forfeited for the official use and/or destruction by any law enforcement agency involved in the

8   seizure of these items.

9       **14.**    **Voluntariness of Plea.**  Defendant acknowledges that he has entered into this

10  Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises

11  contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

12      **15.**    **Statute of Limitations.**  In the event that this Agreement is not accepted by the

13  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the

14  statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:

15  (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30

16  days following the date on which a breach of the Plea Agreement by Defendant is discovered by

17  the United States Attorney's Office.

18      **16.**    **Post-Plea Conduct.**  Defendant understands that the terms of this Plea Agreement

19  apply only to conduct that occurred prior to the execution of this Agreement.  If, after the date of

20  this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of

21  his/her conditions of release (examples of which include, but are not limited to: obstruction of

22  justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and

23  false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or

24  Court), the United States is free under this Agreement to seek a sentence that takes such conduct

25  into consideration.  Such a sentence could include a sentencing enhancement under the United

26  States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines

27  range.

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1      **17.**    **Waiver of Appeal.**  As part of this Plea Agreement, and on the condition that the

2  Court imposes a custodial sentence that is within or below the Sentencing Guidelines range

3  consistent with the stipulations of the parties contained in this plea agreement, Defendant waives

4  to the full extent of the law:

5        a.      any right conferred by Title 18, United States Code, Section 3742 to appeal the

6                sentence, including any restitution order imposed; and

7        b.      any right to bring a collateral attack against the conviction and sentence, including

8                any restitution order imposed, except as it may relate to the effectiveness of legal

9                representation.

10      Furthermore, this waiver does not preclude Defendant from bringing an appropriate

11  motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions

12  of the Bureau of Prisons regarding the execution of his sentence.

13      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

14  attacking the conviction or sentence in any way, the United States may prosecute Defendant for

15  any counts, including those with mandatory minimum sentences, or penalty enhancements that

16  were dismissed or not charged pursuant to this Plea Agreement.

17      **18.**    **Completeness of Agreement.**  The United States and Defendant acknowledge

18  that these terms constitute the entire Plea Agreement between the parties.

19  This Agreement only binds the United States Attorney's Office for the Western District of

20  //

21  //

22  //

23

24

25

26

27

28

Plea Agreement – 8
GAVRIC/CR10-124MJP

1  Washington.  It does not bind any other United States Attorney's Office or any other office or

2  agency of the United States, or any state or local prosecutor.

3       Dated this _____ day of _____, 2010.

4

5

    _____
6  SINISA GAVRIC
    Defendant

7

8  _____
    JENNIFER HORWITZ
9  Attorney for Defendant

10

    _____
11  DOUGLAS B. WHALLEY
    Assistant United States Attorney

12

13  _____
    LISCA BORICHEWSKI
14  Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement – 9
GAVRIC/CR10-124MJP